IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BEATRICE SPROAT-AUGUSTIRO AND KALAUPAPA RARE ADVENTURE LLC, | ) ) ) | CIVIL NO. 17-00304 HG-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION |
| vs. | ) ) | |
| LUCILLE MEYER, ET AL., | ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION[1]

On June 27, 2017, Beatrice Sproat-Augustiro, proceeding pro se, filed a Notice of Removal on June 24, 2017.  ECF No. 1. In her Notice of Removal, Ms. Sproat-Augustiro states that "the referenced case number 17-1-0173(1)" has been removed pursuant to 28 U.S.C. § 1331 on the basis that the action arises under the Constitution, laws, or treaties of the United States.  Id. at 3.

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc.,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982). Here, Ms. Sproat-Augustiro has failed to meet her burden of establishing that removal was proper. Accordingly, the Court FINDS AND RECOMMENDS that the district court remand this action.

The Notice of Removal does not include "a copy of all process, pleadings, and orders served" in the state court action as required by Section 1441. See 28 U.S.C. § 1441(a). However, because Ms. Sproat-Augustiro is appearing pro se, the Court liberally construes her pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Based on a review of the public state court docket, it appears RW Meyer Limited filed a Complaint for Declaratory Judgment and Ejectment against Ms. Sproat-Augustiro, Kaluapapa Rare Adventures LLC, and Marlene K. Sproat on April 27, 2017, in the Second Circuit Court of the State of Hawaii. See

http://hoohiki.courts.hawaii.gov/#/case?caseId=2CC171000173.  It appears that Ms. Sproat-Augustiro was served on June 8, 2017. Id.

Ms. Sproat-Augustiro included with her Notice of Removal a document entitled "Commercial Notice of Amendment Petition and Complaint Within the Admiralty Pursuant to RCP #3 and #4 for the Petition for Agreement and Harmony in the Nature of a Notice of International Commercial Claim Within the Admiralty Administrative Remedy and Libel of Review and Entry of the Conclusive Evidence for Settlement and Closure of the Escrow by Commercial Affidavit Pleading in Fact and Points and Authorities and Memorandum of Law."  See ECF No. 1 at 10-24. This document appears to be an answer, counterclaim, and third-party complaint by Ms. Sproat-Augustiro against RW Meyer, Ltd., Lucille Meyer, Treasurer/CFO, RW Meyer Ltd., Miala Inc. US, and Paul W. Meyer, Treasurer/CFO Miala Inc.  See ECF No. 1 at 10-24.

First, there is no indication in the Notice of Removal that the Complaint for Declaratory Judgment and Ejectment filed in state court by RW Meyer Limited against Ms. Sproat-Augustiro presents a federal question.  "In determining federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042

3

(9th Cir. 2009).  Here, the plaintiff in this action is RW Meyer Limited.  Ms. Sproat-Augustiro does not provide any information to suggest that the Complaint filed by RW Meyer Limited states a federal claim.

Second, to the extent Ms. Sproat-Augustiro is attempting to remove this action based on her answer, counterclaim, or third-party complaint, removal is also inappropriate.  In her Notice of Removal, Ms. Sproat-Augustiro states that the federal court has jurisdiction because she has pled violations of 42 U.S.C. § 1983 and § 1985.  See ECF No. 1 at 7.  Although it appears that Ms. Sproat-Augustiro has attempted to assert federal claims in response to the Complaint, it is well settled that federal jurisdiction cannot rest on an actual or anticipated defense or counterclaim.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense ... [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim.").

Because Ms. Sproat-Augustiro has failed to meet her burden of proving that removal is proper, the Court RECOMMENDS that this action be REMANDED to the Circuit Court of the Second Circuit, State of Hawaii.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court

4

REMAND this action to the Circuit Court of the Second Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 13, 2017.



Richard L. Puglisi
United States Magistrate Judge

**SPROAT-AUGUSTIRO, ET AL. V. MEYER, ET AL.; CIVIL NO. 17-00304 HG-RLP; FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION**